**FILED**
**January 19, 2023**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JUDY K. QUICK,**
**Claimant Below, Petitioner**

**vs.)** **No. 21-0567** (BOR Appeal No. 2056023)
(Claim No. 2017010969)

**KANAWHA COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Judy K. Quick, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Kanawha County Commission, by Counsel Steven K. Wellman and James W. Heslep, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted Ms. Quick an 8% permanent partial disability award on March 21, 2019. On November 13, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated June 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under West Virginia Code § 23-5-15, in relevant part, as follows:

> (c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

> (d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the

same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a *de novo* standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Quick sustained a compensable work injury on October 18, 2016, to her right knee, right middle finger, left hand, left elbow, and head when she tripped and fell on a sidewalk outside of the courthouse where she was working. In the Report of Occupational Injury dated October 18, 2016, a physician diagnosed her with contusions and possible internal derangement of the right knee. It was opined that the conditions were a direct result of her occupational injury. The claims administrator held the claim compensable for contusion of the right knee, right middle finger, left hand, left elbow, and head.

On March 5, 2019, Ms. Quick was evaluated by Paul Bachwitt, M.D., to determine the amount of permanent partial disability she sustained as the result of the work-related injury. Dr. Bachwitt found that Ms. Quick had complaints of swelling in her right leg and a lack of strength and movement in her hand. The physical examination revealed loss of range of motion of the right knee, loss of range of motion of the right long finger, diminished sensation over the C6 and C8 dermatome, diffuse pain of the right knee, and medial joint line tenderness. Dr. Bachwitt found that Ms. Quick had reached maximum medical improvement with an 8% whole person impairment due to the compensable injury. He opined that she had no whole person impairment for the left wrist or left middle finger, 4% whole person impairment for lack of motion of the right long finger, and 4% whole person impairment for lack of motion of the right knee. On March 21, 2019, the claims administrator granted Ms. Quick an 8% permanent partial disability award based upon Dr. Bachwitt's recommendation. Ms. Quick protested the claims administrator's decision.

Medical records of Bruce Haupt, M.D., dated October 26, 2016, through December 19, 2016, were submitted by the Kanawha County Commission. Ms. Quick was seen for her right knee contusion, left hand metacarpal fracture, and left hand pain. Dr. Haupt noted that she had diffuse soft tissue tenderness along the radial border of the fifth metacarpal of the left hand, diminished grip strength of the left hand, bony abnormality at the base of the fifth metacarpal of the left hand, discoloration anteriorly of the right knee, trace effusion of the right knee, and tenderness along the medial greater than lateral joint line of the right knee. Dr. Haupt eventually diagnosed Ms. Quick with a contusion of the right lower leg and right knee. A duplex scan was discussed to rule out deep vein thrombosis.

In protest of the claims administrator's Order, Ms. Quick submitted an Independent Medical Evaluation from Bruce A. Guberman, M.D., dated October 8, 2019. The physical examination revealed:

> [a]n antalgic gait, tenderness of the hands with mild swelling and redness, weakness of the hands, loss of range of motion of the right middle finger, loss of range of motion of the left little finger, moderate tenderness of the right knee, mild crepitations of the right knee, mild swelling of the right knee, loss of range of motion of the right knee, moderate tenderness of the left knee, moderate crepitations of the left knee, mild swelling of the left knee, and loss of range of motion of the left knee.

The impressions listed by Dr. Guberman was history of contusion to both knees superimposed on pre-existing, but dormant degenerative joint disease; history of fracture of the right middle finger and left little finger; and history of head contusions, resolved without sequelae.

Dr. Guberman opined that Ms. Quick had reached maximum medical improvement and that no further specific treatment and/or diagnostic testing was likely to improve her impairment resulting from the compensable injury. Dr. Guberman opined that Ms. Quick has 14% whole person impairment due to the compensable injury. In determining the amount of impairment, Dr. Guberman found 4% whole person impairment for lack of motion of the right knee, 4% whole person impairment for lack of motion of the left knee, 3% whole person impairment for a lack of motion of the left little finger, and 3% whole person impairment for lack of motion of the right middle finger.

The final physical examination and impairment rating was conducted by Prasadarao B. Mukkamala, M.D., on March 12, 2020. Ms. Quick presented with pain of the right knee and left forearm, swelling of the right knee, instability of the right knee, and stated that she has a tendency to drop things with her left hand. The physical examination revealed slight limitation of motion of the right middle finger and left little finger, mild arthritic deformity of joints in both hands, slight limitation of motion of the right knee, symmetrical loss of motion of the toes in both feet, and some giveaway weakness of the right and left knees. The diagnoses were contusion of the right knee, injury to both hands with a fractured fifth metacarpal in the left hand, contusion to the left elbow, and contusion to the head. Dr. Mukkamala noted that there was no notation in any medical records that Ms. Quick had injured her left knee during the incident of October 18, 2016. Although Ms. Quick stated that she fell on both knees, Dr. Mukkamala reported that there was no objective evidence that she sustained an injury to her left knee. The examination of the left knee was "completely normal." It was opined that she had reached her maximum medical improvement with 6% whole person impairment due to the compensable injury. Specifically, Dr. Mukkamala found 4% whole person impairment for the lack of motion of the right knee, 1% whole person impairment for lack of motion of the right finger, and 1% for lack of motion of the left fifth metacarpal. Dr. Mukkamala did not find impairment for Ms. Quick's left knee or the toes of the right foot.

In a Final Decision dated November 13, 2020, the Office of Judges affirmed the claims administrator's Order of March 21, 2019, granting Ms. Quick an 8% permanent partial disability

award. It was concluded that Ms. Quick has not established by a preponderance of the evidence that she sustained a greater whole person impairment than the 8% permanent partial disability recommended by Dr. Bachwitt. The Office of Judges noted that in determining his impairment rating, Dr. Guberman recommended 4% whole person impairment for the left knee based upon a finding of 95 degrees of flexion. Dr. Bachwitt reported Ms. Quick had 115 degrees of flexion, while Dr. Mukkamala reported that flexion was 120 degrees, both of which correspond to no impairment. The Office of Judges discredited Dr. Guberman's report for including a non-compensable body part, the left knee, in his impairment rating, and his report was found to be unreliable. The Office of Judges concluded that the claims administrator did not err in granting Ms. Quick an 8% permanent partial disability award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on June 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. The preponderance of the evidence indicates that Ms. Quick has not sustained a greater amount of whole person impairment than the 8% granted by the claims administrator. Although Ms. Quick seeks an additional award based upon Dr. Guberman's report, the Office of Judges found the report to be unreliable because Dr. Guberman's impairment rating included a rating for a non-compensable condition and was properly discredited. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 19, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn